UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWA RUFF,

                             Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY BAGAROZZA, POLICE OFFICER IAN
MCCABE, POLICE OFFICER JOHN DORNEY, POLICE
OFFICER FRANK DIMICHELE, SERGEANT DERICK
SENEUS,

                             Defendants.

**ECF CASE**

**FIRST AMENDED
COMPLAINT**

07 CV 06 (DAB) (MHD)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from a November 6, 2006 incident in which the City of New York and several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, retaliation, excessive force, assault, battery, fabricated evidence, and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's negligence and deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Anthony Bagarozza is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 6, 2006. Bagarozza is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Bagarozza is sued in his individual capacity.

8. Police Officer Ian McCabe is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 6, 2006. McCabe is liable for directly participating in the acts described herein and for failing to intervene

to protect plaintiff from the illegal conduct of his fellow officers and subordinates.  McCabe is sued in his individual capacity.

9. Police Officer John Dorney is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 6, 2006.  Dorney is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates.  Dorney is sued in his individual capacity.

10. Police Officer Frank DiMichele is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 6, 2006.  DiMichele is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates.  DiMichele is sued in his individual capacity.

11. Sergeant Derick Seneus is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 6, 2006.  Seneus is liable for directly participating in the acts described herein, for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates, and for supervising his subordinates in a grossly negligent manner.  Seneus is sued in his individual capacity.

## STATEMENT OF FACTS

12. On November 6, 2006, at approximately 10:55 p.m., in the rear of 5 Fleet Walk, in Brooklyn, New York, several members of the NYPD, including Police Officers Anthony Bagarozza, Ian McCabe, John Dorney, Frank DiMichele, and Derick Seneus, seized plaintiff without cause.

13. During the seizure, one of the officers asked plaintiff to produce identification. This officer is white, tall, has dark hair, has a medium build, and is in his mid 30s.

14. Before plaintiff had time to remove his wallet and produce identification, the officer removed plaintiff's wallet from plaintiff's pocket without permission or legal cause.

15. Plaintiff peacefully voiced an objection to the officer's wrongful conduct.

16. As a result of plaintiff's exercise of free speech, the officer unlawfully struck plaintiff in his chest with his baton.

17. Plaintiff stepped away to avoid being struck a second time.

18. The officer chased plaintiff a few feet and swept plaintiff's legs out from under him intentionally causing plaintiff to trip and fall face first onto a gate.

19. Plaintiff sustained severe injuries to, among other things, his lip, nose, mouth, shoulder and elbow. Plaintiff's nose and lip were partially torn from his face. Further, plaintiff lost teeth from the impact.

20. While plaintiff was on the ground, Police Officers Anthony Bagarozza, Ian McCabe, John Dorney, Frank DiMichele, and Derick Seneus kicked, punched, and dragged plaintiff causing him to suffer further injuries.

21. Those officers who did not make physical contact with plaintiff stood by and failed to take proper remedial action.

22. Plaintiff was subsequently taken by ambulance to Bellevue Hospital where he underwent surgery.

23. While plaintiff was in the hospital receiving medical treatment and surgery, the officers handcuffed plaintiff excessively tight in order to cause plaintiff additional pain.

24. After plaintiff was discharged from the hospital, he was taken to PSA 3 for arrest processing.

25. On November 7, 2006, at approximately 12:00 p.m., plaintiff was taken to Brooklyn Central Booking for further arrest processing and to await arraignment.

26. Plaintiff received additional medical attention by paramedics who were stationed in Central Booking.

27. While plaintiff was incarcerated in Central Booking, one or more of the officers involved in the incident at issue, met with an Assistant District Attorney and misrepresented that plaintiff was in possession of an open container of alcohol when he was arrested.

28. On November 7, 2006, at approximately 7:30 p.m., plaintiff was arraigned in criminal court.

29. The charge filed against plaintiff, possession of an open container of alcohol, was adjourned in contemplation of dismissal.

30. Plaintiff received additional medical treatment after he was released from custody.

31. As a result of defendants' actions, plaintiff experienced pain, physical injuries, including a torn lip and nose and loss of teeth, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS ANTHONY BAGAROZZA, IAN MCCABE, JOHN DORNEY, FRANK DIMICHELE, AND DERICK SENEUS**

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33. The conduct of Police Officers Anthony Bagarozza, Ian McCabe, John Dorney, Frank DiMichele, and Derick Seneus, as described herein, amounted to false arrest, retaliation, excessive force, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST POLICE OFFICERS ANTHONY BAGAROZZA, IAN MCCABE, JOHN DORNEY, FRANK DIMICHELE, AND DERICK SENEUS**

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35. The conduct of Police Officers Anthony Bagarozza, Ian McCabe, John Dorney, Frank DiMichele, and Derick Seneus, as described herein, amounted to false arrest, assault, battery, and negligence in violation of the laws of the State of New York.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 as if fully set forth herein.

37. The City of New York directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train,

retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

39. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

40. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39 as if fully set forth herein.

41. Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, assault, battery, and negligence committed by the officers.

42. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   June 8, 2007
         Brooklyn, New York

                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391

                              By:

                              *Richard J. Cardinale*
                              _____
                              RICHARD J. CARDINALE (RC-8507)